**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LEONARD RAY, JR. AND**  **CIVIL CASE NO.: 2:23-cv-1749**
**GWENDOLYN J. RAY**

**VERSUS**

**GEOVERA SPECIALTY**  **SECTION: _____**
**INSURANCE COMPANY**

## COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT through undersigned counsel comes **LEONARD RAY, JR.** and **GWENDOLYN J. RAY** ("Plaintiffs"), who respectfully represent:

1.

Made Defendant herein:

**GEOVERA SPECIALTY INSURANCE COMPANY** ("GeoVera"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiffs are citizens of the State of Louisiana. On information and belief, GeoVera is a corporation that is incorporated in the State of Delaware with its principal place of business located in the State of California. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

GeoVera issued the policy of insurance upon which this suit is based to the Plaintiffs, insuring their property located at 4229 Highway 311, Houma, LA 70360-8122. This Court has personal jurisdiction over GeoVera.

## **CAUSES OF ACTION**

6.

GeoVera insured the Plaintiffs under Policy No. GC00035115, which was in full force and effect on August 29, 2021.

7.

The Plaintiffs' home suffered extensive damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

8.

On or about November 4, 2022, GeoVera adjusted the loss and determined that the total damage to the home from Hurricane Ida to be $2,427.32 after Plaintiffs' deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiffs' insured property.

9.

GeoVera's adjustments of Plaintiffs' claim is unreasonably low and unrealistic and gave Plaintiffs no opportunity to conduct the needed repairs caused by the storm.

10.

Plaintiffs provided GeoVera via email with estimates from GLS & Associates, Inc. to repair the damages to their home from Hurricane Ida in the total amount of $347,630.92. GeoVera

received Plaintiffs' estimates on March 29, 2023. GeoVera responded on April 4, 2023 requesting a re-inspection of the property, but has never made a settlement offer as of the filing of this lawsuit.

11.

GeoVera had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms. Meanwhile, Plaintiffs await sufficient funds from GeoVera to repair their home to its pre-storm condition. Their home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

12.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim." In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing, when the failure is arbitrary, capricious, or without probable cause." GeoVera has violated both of these statutory obligations and duties in its dealings with the Plaintiffs.

13.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like GeoVera is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." GeoVera has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiffs by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiffs' damages. GeoVera had satisfactory proof of loss upon its initial inspections of the premises, yet

unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm.

14.

GeoVera has failed to make a written offer to settle the full extent of the Plaintiffs' property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making GeoVera liable to the Plaintiffs for penalties, attorney's fees and costs under La. R.S. 22:1892.

15.

GeoVera's failure to fairly and promptly adjust the full extent of the Plaintiffs' claim has caused them to suffer contractual and extra-contractual damages including, but not limited to, the additional time delays, additional deterioration to their home that has occurred while waiting for GeoVera to fairly pay their insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether they would have the funds necessary to repair their hurricane-damaged home to its pre-storm condition. As a result of those and other associated damages caused by GeoVera's dilatory tactics and delays, the Plaintiffs are also owed their attorney's fees and costs.

16.

GeoVera knew or should have known that its failure to timely pay the Plaintiffs' insurance claims prevented them from repairing their home, and it should have known that its failure to pay the Plaintiffs' claims would cause them grief, mental anguish, and worry.

17.

WHEREFORE, **LEONARD RAY, JR.** and **GWENDOLYN J. RAY** pray that there be judgment in their favor against **GEOVERA SPECIALTY INSURANCE COMPANY** as follows:

(1) Finding GeoVera liable to the Plaintiffs for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding them the same;

(2) Awarding the Plaintiffs general damages caused by GeoVera's breach of its duty of good faith and fair dealing;

(3) For special damages and general damages including, but not limited to, diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid;

(4) For any and all other relief that is justified under law and equity, and;

(5) Plaintiffs further pray for a trial by jury.

Respectfully submitted,

DEJEAN & NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland
Erik R. Noland (#37245)
Felix "Andy" DeJean IV (#25028)
Sherry C. Cannon (#33759)
604 St Ferdinand St.
Baton Rouge, LA 70802
(225) 344-2639 – Telephone
(225) 346-5252 – Facsimile
erik@dejeannoland.com
andy@dejeannoland.com
*Attorneys for Leonard Ray, Jr. and Gwendolyn J. Ray*

**SERVICE INSTRUCTIONS:**

**GEOVERA SPECIALTY INSURANCE COMPANY**
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809